AO 241
(Rev. 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: |
| Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner) <br><br> v. | |
| The Attorney General of the State of: | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    _____

    _____

    _____

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  In this case, were you convicted on more than one count or of more than one crime?   ❏  Yes     ❏  No

5.  Identify all crimes of which you were convicted and sentenced in this case: _____

    _____

    _____

    _____

    _____

    _____

    _____

6.  (a) What was your plea? (Check one)

    ❏   (1)     Not guilty          ❏   (3)     Nolo contendere (no contest)

    ❏   (2)     Guilty              ❏   (4)     Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❏ Jury     ❏ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ❏ Yes     ❏ No

8.     Did you appeal from the judgment of conviction?

      ❏ Yes     ❏ No

9.     If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ❏ Yes    ❏ No

     If yes, answer the following:

     (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Result: _____

     _____

     (4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❏  Yes          ❏  No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❏  Yes          ❏  No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes          ❏  No

(7) Result: _____

(8) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes   ❏ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes        ❏  No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❏  Yes        ❏  No

(2)  Second petition:    ❏  Yes        ❏  No

(3)  Third petition:      ❏  Yes        ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏   Yes      ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes      ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:  _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(3) Did you receive a hearing on your motion or petition?      ❏   Yes      ❏   No

(4) Did you appeal from the denial of your motion or petition?      ❏   Yes      ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ❏   Yes      ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❏   Yes       ❏   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes     ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏  Yes    ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes    ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ❏  Yes    ❏  No

(4) Did you appeal from the denial of your motion or petition?    ❏  Yes    ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏  Yes    ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition? ❑ Yes ❑ No

(4) Did you appeal from the denial of your motion or petition? ❑ Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❑ Yes ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

**GROUND FIVE: CRUEL AND UNUSUAL PUNISHMENT-DISPARATE SENTENCE FOR THE SAME CRIME**

THE APPLICANT WAS UNFAIRLY PUNISHED FOR GOING TO TRIAL

(a) Supporting Facts: THE APPLICANT RECEIVED A 50 YEAR SENTENCE FOR THE SAME CRIME AS ACCOMPLICES CLINTIN CURTIS, DAVID PHARES, TARA WOODS, TARA MITCHELL, BRANDON CHANEY, DOS DUTTON AND BRENT BUCKALOO.

THE RECORD SHOWS THAT MOST OF THE STOLEN PROPERTY ENDED UP IN THE HANDS OF BRENT BUCKALOO, AND HE WAS NOT CHARGED.

THE RECORD SHOWS BRANDON CHANEY SCRAPPED THE STOLEN PROPERTY, AND HE WAS NOT CHARGED WITH BURGLARY. CHANEY PLED TO A WEAPONS CHARGE, AND SENTENCED TO 10 YEARS.

TARA MITCHELL TESTIFIED SHE STOLE A TOOLBOX, BURGLARY OF A BUILDING, AND WAS NOT CHARGED.

TARA WOODS, THE LOOKOUT FOR THE BURGLARY, PLED OUT, AND RECEIVED DEFERRED ADJUDICATION FOR DRUG POSSESSION. SHE WAS NOT CHARGED WITH BURGLARY.

DAVID PHARES ADMITTED TO THE BURGLARY, AND PLED OUT FOR A 10 YEAR SENTENCE. PHARES IS OUT ON PAROLE.

CLINTON CURTIS PLED OUT TO THE BURGLARY, AND HAS SEVERAL PRIOR BURGLARY CONVICTIONS. CURTIS WAS SENTENCED TO THIS BURGLARY, AND ANOTHER BURGLARY, FOR 15 YEARS. HIS SENTENCE NOT ENHANCED.

DOSS DUTTON RECEIVED STOLEN PROPERTY FROM THE BURGLARY, AND WAS NOT CHARGED.

APPLICANT WENT TO TRIAL AND THE JUDGE SENTENCED HIM TO 50 YEARS ON AN ENHANCED SENTENCE. THERE IS NO DIFFERENCE IN THE FACTS BETWEEN CLINTON CURTIS, DAVID PHARES AND APPLICANT EXCEPT THAT APPLICANT WENT TO TRIAL. THE DISPARATE SENTENCE IS CRUEL AND UNUSUAL PUNISHMENT.

(b) If you did not exhaust your state remedies on Ground Five, explain why:
RAISED IN 11.07 HABEAS CORPUS

**(c) Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  NO

(2) If you did not raise this issue in your direct appeal, explain why: APPELATE COUNSEL WAS INEFFECTIVE. PDR WAS PRO SE, ALSO INEFFECTIVE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07 HABEAS CORPUS

Name and location of the court where the motion or petition was filed: TEXAS COURT OF CRIMINAL APPEALS

Docket or case number (if you know): WR-84,303-01

Date of the court's decision: 06/08/2016

Result (attach a copy of the court's opinion or order, if available): COPY ATTACHED IN FILE FORM

(3) Did you receive a hearing on your motion or petition?  NO

(4) Did you appeal from the denial of your motion or petition? NO

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: THE TEXAS COURT OF CRIMINAL APPEALS IS THE HIGHEST COURT IN THE STATE.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: 11.07 HABEAS CORPUS, SEE ABOVE

**GROUND SIX: TRIAL BY HEARSAY**

**DENIAL OF DUE PROCESS-RIGHT TO CONFRONTATION**


( a ) Supporting Facts: THE DALLAS COURT OF APPEALS USED TESTIMONY OF BRANDON CHANEY TO CORROBORATE THE ACCOMPLICE WITNESS TESTIMONY OF THE STATE'S WITNESSES. BRANDON CHANEY WAS AN ACCOMPLICE BY LAW, AND THIS SHOULD NOT HAVE BEEN POSSIBLE. ALSO, THE COURT CONCLUDED THAT CHANEY HEARD THE APPLICANT CONFESS TO THE CRIME. THIS IS HEARSAY BECAUSE THE COURT USES SECOND HAND TESTIMONY TO PROVE THE FACT ASSERTED.

THE COURT ALSO CONCLUDED, AND THE STATE USED THIS IN THEIR CLOSING ARGUMENT, THAT APPLICANT WAS WITH CHANEY WHEN CHANEY SCRAPPED THE STOLEN PROPERTY. THE RECORD SHOWS THAT THAT STATEMENT WAS OBJECT TO, AND SUSTAINED. THAT STATEMENT COULD BE USED FOR ANY PURPOSE BECAUSE IT WAS OBJECTED TO AS NON-REPOSNSIVE, AND SUSTAINED. IT EFFECTIVELY WAS NOT PART OF THE FACTS BEFORE THE JURY.


    (a) If you did not exhaust your state remedies on Ground Six explain why: RAISED IN 11.07 HABEAS CORPUS

    **(b) Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  NO

(2) If you did not raise this issue in your direct appeal, explain why: APPELATE COUNSEL WAS INEFFECTIVE. PDR WAS PRO SE, ALSO INEFFECTIVE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07 HABEAS CORPUS

Name and location of the court where the motion or petition was filed: TEXAS
COURT OF CRIMINAL APPEALS

Docket or case number (if you know): WR-84,303-01

Date of the court's decision: 06/08/2016

Result (attach a copy of the court's opinion or order, if available): COPY
ATTACHED IN FILE FORM

(3) Did you receive a hearing on your motion or petition?  NO

(4) Did you appeal from the denial of your motion or petition? NO

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the
appeal? N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you
did not raise this issue: THE TEXAS COURT OF CRIMINAL APPEALS IS THE HIGHEST
COURT IN THE STATE.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: 11.07 HABEAS CORPUS, SEE ABOVE

**GROUND SEVEN: STATES CONDUCT WAS CALCULATED TO DENY A FAIR AND IMPARTIAL TRIAL**

DENIAL OF DUE PROCESS-RIGHT TO FUAIR AND IMPARTIAL TRIAL BY JURY

( a ) Supporting Facts: THE STATE USED IMPROPER JURY ARGUMENT, COURTROOM TACTICS DESIGNED TO DISRUPT THE DEFENSE, STATE WITNESS PERJURY, AND DISREGARD FOR THE JUDGE'S INSTRUCTIONS TO DENY THE DEFENDANT HIS RIGHT TO DEFEND HIMSELF.

THE TRANSCRIPT SHOWS THE WORD OBJECTION 469 TIMES:

|       | objection | no objection |
|-------|-----------|--------------|
| VOL 1 | 0         | 0            |
| VOL 2 | 42        | 8            |
| VOL 3 | 148       | 9            |
| VOL 4 | 126       | 1            |
| VOL 5 | 79        | 7            |
| VOL 6 | 35        | 14           |
| VOL 7 | 0         | 0            |
|       | 430       | 39           |

39 TIMES THE JUDGE SAID "OBJECTION", OR IT WAS "NO OBJECTION" TO AN EXHIBIT. THIS WAS NOT A LONG TRIAL. THE WITNESSES WERE CONFUSED, THE STATE ASKED THE SAME QUESTION BEFORE THE JUDGE RULED ON AN OBJECTION, BOTH ATTORNEYS OBJECTED TO THE SAME WITNESS ANSWER AT THE SAME TIME. THIS OVERLY AGGRESSIVE COURTROOM BEHAVIOR WAS EVIDENCED BY THE STATE GIVING AN ACCOUNT OF HIS MARTIAL ARTS BACKGROUND, FOR NO APPARENT REASON, TO THE JURY. SUCH CONDUCT MADE IT IMPOSSIBLE FOR THE LAYMAN JURY TO UNDERSTAND THE TESTIMONY OF SEVERAL WITNESSES. THIS CONDUCT DENIED APPLICANT DUE PROCESS AND HIS RIGHT TO A FAIR TRIAL.

(a)  If you did not exhaust your state remedies on Ground Seven explain why: RAISED IN 11.07 HABEAS CORPUS

**(b) Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  NO

(2) If you did not raise this issue in your direct appeal, explain why: APPELATE COUNSEL WAS INEFFECTIVE. PDR WAS PRO SE, ALSO INEFFECTIVE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07 HABEAS CORPUS

Name and location of the court where the motion or petition was filed: TEXAS COURT OF CRIMINAL APPEALS

Docket or case number (if you know): WR-84,303-01

Date of the court's decision: 06/08/2016

Result (attach a copy of the court's opinion or order, if available): COPY ATTACHED IN FILE FORM

(3) Did you receive a hearing on your motion or petition?  NO

(4) Did you appeal from the denial of your motion or petition? NO

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you
did not raise this issue: THE TEXAS COURT OF CRIMINAL APPEALS IS THE HIGHEST
COURT IN THE STATE.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus,
administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: 11.07 HABEAS
CORPUS, SEE ABOVE

AO 241
(Rev. 01/15)

13.     Please answer these additional questions about the petition you are filing:

   (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

             having jurisdiction?        ❏   Yes          ❏   No

             If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

             presenting them:  _____

                 _____

                 _____

                 _____

   (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

             ground or grounds have not been presented, and state your reasons for not presenting them:

                 _____

                 _____

                 _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

         that you challenge in this petition?          ❏   Yes          ❏   No

         If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

         raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

         of any court opinion or order, if available.  _____

             _____

             _____

             _____

             _____

             _____

             _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

         the judgment you are challenging?          ❏   Yes          ❏   No

         If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

         raised.  _____

             _____

             _____

             _____

             _____

AO 241
(Rev. 01/15)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

         judgment you are challenging:

         (a) At preliminary hearing: _____

         _____

         (b) At arraignment and plea: _____

         _____

         (c) At trial: _____

         _____

         (d) At sentencing: _____

         _____

         (e) On appeal: _____

         _____

         (f) In any post-conviction proceeding: _____

         _____

         (g) On appeal from any ruling against you in a post-conviction proceeding: _____

         _____

         _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

         challenging?            ❏   Yes      ❏   No

         (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

         _____

         _____

         (b) Give the date the other sentence was imposed: _____

         (c) Give the length of the other sentence: _____

         (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

         future?                 ❏   Yes      ❏   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

         why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

         _____

         _____

         _____

         _____

         _____

         _____

AO 241
(Rev. 01/15)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
           custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
                  of the time for seeking such review;

           (B)    the date on which the impediment to filing an application created by State action in violation of
                  the Constitution or laws of the United States is removed, if the applicant was prevented from
                  filing by such state action;

           (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                  if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                  cases on collateral review; or

           (D)    the date on which the factual predicate of the claim or claims presented could have been
                  discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 16

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with
      respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
      under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  THAT THE CONVICTIONS ON COUNTS 1 AND

2 BE OVERTURNED

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

REYBURN ANDERSON IS ATTORNEY FOR PETITIONER. PETITIONER DOES NOT HAVE THE

RESOURCES TO PREPARE AND FILE THIS PETITION EFFECTIVELY AS PRO SE. LEGAL RESEARCH,

DOCUMENT COPIES, ONLINE CASE INFORMATION, AND FORM PREPARATION ARE COMPUTER AND

INTERNET BASED.

**FORM 2254**

**Carpenter, Jason Wallace**

Page 4 ( 6 )

11.07 Grounds:

1. The jury charge was improper.
2. The State was allowed to amend the indictment without notice, and was prohibited from such action by statute.
3. Insufficient evidence to convict.
4. Cruel and unusual punishment. Due to disparity in sentences among accomplices for the same crime.
5. The State knowingly used perjured testimony to convict.
6. Ineffective counsel at appeal.
7. Ineffective counsel at trial.
8. Accomplice witness rule violated.
9. Witness tampering by State.
10. Witnesses were given information about courtroom testimony in violation of "the rule".
11. Trial by hearsay. The Court of Appeals used hearsay testimony as proof of the matter asserted.
12. Applicant was sent to prison without a valid order in the record.
13. Lessor included offense not given in the jury charge.
14. State conduct was calculated to deny a fair and impartial trial.

Page 18  ( 18 )

**<u>Relevant Dates:</u>**

| | | |
|---|---|---|
| Conviction | 02.28.2014 | |
| Notice of Appeal | 03.06.2013 | |
| Order on Appeal | 07.23.2014 | |
| PDR filed | 09.16.2014 | |
| PDR Denied | 11.25.2014 | |
| Mandate Issued | 12.29.2014 | Start 1 year Limitations |
| 11.07 Filed 397th | 08.14.2015 | 227 Days |
| 11.07 Filed TCCA | 12.09.2015 | |
| 11.07 Denied | 06.08.2016 | |
| 2254 Filed | 08.01.2016 | 51 Days = 278 Days |